UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA ANGLIN,<br><br>        Plaintiff,<br><br>    v.<br><br>BAKERSFIELD PROSTHETICS & ORTHOTICS CENTER INC., a California Corporation; ASHOK J DHOKIA, in his individual and representative capacity as Trustee; USHA DHOKIA, in her individual and representative capacity as Trustee; and DOES 1-10,<br><br>        Defendants. | No. 1:13-cv-02101-LJO JLT<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

    This matter is before the Court on Defendants Bakersfield Prosthetics & Orthotics Center, Inc. ("Defendant Bakersfield"), Ashok Dhokia, and Usha Dhokia's (collectively "Defendants") Motion to Dismiss (Doc. #5) Plaintiff Debra Anglin's ("Plaintiff") Complaint (Doc. #1) pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). Defendants' motion also urges the Court to

1

decline supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(c). Plaintiff opposes the motion ("Opposition") (Doc. #9). Defendants have filed a reply (Doc. #12). For the following reasons, Defendants' motion is GRANTED in part and DENIED in part.[1]

I.  FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff is a California resident with physical disabilities. Compl. ¶ 1. She is significantly impaired in her ability to walk and she uses a wheelchair for mobility. Compl. ¶ 1. Bakersfield Prosthetics ("Defendant Bakersfield") is a business establishment and a place of public accommodation. Compl. ¶ 7. Defendants Ashok Dhokia and Usha Dhokia are the "owners, operators, lessors and/or lessees" of Defendant Bakersfield. Compl. ¶ 2. Plaintiff alleges that Defendants have failed to maintain sufficient parking for persons with disabilities. Compl. ¶ 9. Specifically, Plaintiff alleges that the 25-space front parking lot has one space intended for use by persons with disabilities. Compl. ¶ 9-10. However, the mandated "NO PARKING" lettering does not exist on the access aisle, the mandated pole-mounted signage is too low, and the required tow-away signage does not exist. Compl. ¶ 10. The 6-space rear parking lot has the same deficiencies. Compl. ¶ 11.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The Court has considered both the late filed opposition brief as well as the late filed reply brief. Counsel are advised that the failure to meet filing deadlines in the future will result in sanctions.

2

1  Furthermore, Plaintiff alleges that there is no wheelchair
2  accessible path of travel from the rear handicap parking space to
3  the rear door.  Compl. ¶ 12.  Plaintiff alleges that she has
4  "patronized and purchased items at [Defendant Bakersfield] on
5  several occasions, including two a visit in July and August of
6  2013."  Compl. ¶ 14. Plaintiff further alleges that she
7  "experienced difficulty and discomfort in struggling with the
8  violations," which denied her full and equal access to the
9  facilities.  Compl. ¶ 15.  Moreover, Plaintiff alleges that she
10 is "currently being deterred" from patronizing Defendant
11 Bakersfield.  Compl. ¶ 16.
12     On September 6, 2013, Plaintiff filed the Complaint in this
13 Court.  Plaintiff's Complaint includes the following causes of
14 action: (1) Violation of the Americans with Disabilities Act of
15 1990; (2) Violation of the Unruh Civil Rights Act; (3) Violation
16 of the California Disabled Persons Act; and (4) Negligence.  The
17 Court has original jurisdiction under 28 U.S.C. § 1331 because
18 Plaintiff has asserted a claim for relief under the Americans
19 with Disabilities Act.  Pursuant to 28 U.S.C. § 1367, the Court
20 has supplemental jurisdiction over Plaintiff's state law claims.
21
22                      II.   OPINION
23    A.   Legal Standard
24         1.   Subject Matter Jurisdiction
25     Dismissal is appropriate under Rule 12(b)(1) of the FRCP
26 when a district court lacks subject matter jurisdiction over the
27 claim.  When a defendant brings a motion to dismiss for lack of
28 subject matter jurisdiction pursuant to Rule 12(b)(1), the

1  plaintiff has the burden of establishing subject matter
2  jurisdiction. See Rattlesnake Coal. v. U.S. E.P.A., 509 F.3d
3  1095, 1102 n.1 (9th Cir. 2007) ("Once challenged, the party
4  asserting subject matter jurisdiction has the burden of proving
5  its existence."). There are two permissible jurisdictional
6  attacks under Rule 12(b)(1): a facial attack, where the court's
7  inquiry is limited to the allegations in the complaint; or a
8  factual attack, which permits the court to look beyond the
9  complaint at affidavits or other evidence. Savage v. Glendale
10 Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).
11     If the moving party asserts a facial challenge, the court
12 must assume that the factual allegations asserted in the
13 complaint are true and must construe those allegations in the
14 light most favorable to the plaintiff. Li v. Chertoff, 482 F.
15 Supp. 2d 1172, 1175 (S.D. Cal. 2007) (citing United States v.
16 One 1997 Mercedes E420, 175 F.3d 1129, 1130-31 & n.1 (9th Cir.
17 1999) and Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136,
18 1139 (9th Cir. 2003)). If the moving party asserts a factual
19 attack, the court "is free to hear evidence regarding
20 jurisdiction and to rule on that issue prior to trial, resolving
21 factual disputes where necessary." Id. (citing Safe Air for
22 Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)).
23         2.   Failure to State a Claim
24     A party may move to dismiss an action for failure to state a
25 claim upon which relief can be granted pursuant to Rule 12(b)(6)
26 of the FRCP. To survive a motion to dismiss a plaintiff must
27 plead "enough facts to state a claim to relief that is plausible
28 on its face." Bell Atlantic Corp. v. Twombly, 556 U.S. 662, 570

(2007).  In considering a motion to dismiss, a district court must accept all the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must sufficiently allege underlying facts to give fair notice and enable the opposing party to defend itself effectively."  Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101, 182 L. Ed. 2d 882 (U.S. 2012).  "Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  Id.  Assertions that are mere "legal conclusions" are therefore not entitled to the presumption of truth.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).  Dismissal is appropriate when a plaintiff fails to state a claim supportable by a cognizable legal theory.  Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990).

    Upon granting a motion to dismiss for failure to state a claim, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a).  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment."  Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

### 3. Lack of Personal Jurisdiction

A party may move to dismiss an action for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the FRCP. The plaintiff bears the burden of establishing personal jurisdiction. Menken v. Emm, 503 F.3d 1050, 1056 (9th Cir.2007). Where the facts are not directly controverted, a plaintiff's version of the facts is taken as true. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir.1996). Likewise, "conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiffs'] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." Id. at 588.

## B. Discussion

### 1. Failure to Designate a Specific Trust

Defendants first argue that Plaintiff's complaint is "uncertain" because Defendants Ashok Dhokia and Usha Dhokia are named in their representative capacities as trustees, but no specific trust is designated. Mot. at 2. Defendants note that the caption of the complaint names Defendants Ashok and Usha Dhokia each "in his/her individual and representative capacity as trustee," but the name of a specific trust does not follow that language. Id. Defendants argue that this omission makes it impossible for them to craft a responsive pleading, as it is unclear which trust is referred to in the complaint, or whether liability is alleged against Defendants in an individual or representative capacity. Mot. at 3. Defendants contend that, by failing to designate a specific trust, Plaintiff has failed to allege facts that allow "the court to draw the reasonable inference *that the defendant is liable*." Reply at 4-5 (citing

Ashcroft v. Iqbal, 556 U.S. 662 (2009) (emphasis added by Defendants). Plaintiff responds that she "does not know the legal name of the Trust yet and will ascertain that in discovery." Opp. at 2. Plaintiff maintains that, at most, Defendants' argument merely justifies striking the phrase "and representative capacity as Trustee" from the Complaint, leaving Defendants Ashok and Usha Dhokia named in their individual capacities. Opp. at 2.

Rule 8(a) of the FRCP states that the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Implied in Rule 8(a) is the requirement that the complaint identify the defendant against whom relief is sought. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (noting that the plaintiff must plead facts allowing the court to "draw the reasonable inference that the defendant is liable"). Such an identification of the defendant is also critical to the Court's evaluation of its personal/in rem jurisdiction over that defendant. A complaint that names a defendant in his or her representative capacity as trustee, but which fails to designate a specific trust, does not satisfy the foregoing requirements. See Davies v. Guinn Res. Co., 978 F.2d 714 (9th Cir. 1992) (acknowledging that "defects in personal jurisdiction . . . might have existed" where a trustee was named in the caption but "the Trust was incorrectly identified in the complaint and was never identified in the allegations of jurisdiction or caption of the complaint").

Plaintiff identifies three defendants in the Complaint: (1) "Bakersfield Prosthetics & Orthotics Center Inc.;" (2) "Ashok

7

J Dhokia, in his individual and representative capacity as Trustee;" and (3) "Usha Dhokia, in her individual and representative capacity as Trustee." Compl. at 1. In the "Parties" section of the Complaint, Plaintiff alleges that "Defendants are, or were at the time of the incident, the owners, operators, lessors and/or lessees of the Bakersfield Prosthetics located at or about 2023 Truxtin Ave., Bakersfield, California." Compl. ¶ 2. Nowhere in the Complaint does Plaintiff mention a specific trust, on behalf of which Defendants Ashok and Usha Dhokia are sued. Therefore, Plaintiff has failed to provide sufficient notice to Defendants sued in their representative capacities, in violation of Rule 8(a). See Iqbal, 556 U.S. at 678 (noting that a complaint must allege sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Furthermore, Plaintiff has failed to allege sufficient facts for the Court to evaluate its exercise of personal/in rem jurisdiction over the unnamed trust. See Davies, 978 F.2d at 714. Accordingly, insofar as the first through fourth causes of action are brought against Defendants Ashok and Usha Dhokia in their representative capacities as trustees of the unnamed trust, those causes of action are DISMISSED WITHOUT PREJUDICE.

However, Plaintiff has sufficiently identified Defendants Ashok and Usha Dhokia as individuals. Although the caption is ambiguous as to whether Defendants are sued as individuals or as trustees, the body of the Complaint is clearer: Defendants are described as "the owners, operators, lessors and/or lessees of the Bakersfield Prosthetics." Compl. ¶ 2. The ambiguity of the

8

1  caption is not fatal to the Complaint, as the Court "may consider
2  a complaint to have named the proper defendant 'if the
3  allegations made in the body of the complaint make it plain that
4  the party is intended as a defendant.'"  <u>Barsten v. Dep't of</u>
5  <u>Interior</u>, 896 F.2d 422, 423 (9th Cir. 1990) (citing <u>Rice v.</u>
6  <u>Hamilton Air Force Base Commissary</u>, 720 F.2d 1082, 1085 (9th Cir.
7  1983)).  In light of the allegations in paragraph two of the
8  Complaint, Plaintiff has provided adequate notice to Defendants
9  Ashok and Usha Dhokia as individuals.  These allegations also
10 allow the Court to evaluate its exercise of personal jurisdiction
11 over the Defendants as individuals. Accordingly, insofar as the
12 first through fourth causes of action are brought against
13 Defendants Ashok and Usha Dhokia as individuals, the Motion to
14 Dismiss is DENIED.
15        2.   <u>Failure to Specifically Plead State Law Claims</u>
16    Defendants next argue that Plaintiff has not pled her state
17 law claims with sufficient specificity. Mot. at 5.  Defendants
18 note that section 425.50 of the California Code of Civil
19 Procedure ("CCP") requires that "an allegation of a construction-
20 related accessibility claim" shall include "the way in which the
21 barrier denied the individual full and equal use or access" as
22 well as "the date or dates of each particular occasion on which
23 the claimant encountered the specific access barrier." Mot. at 6
24 (quoting Cal. Civ. Proc. Code § 425.50).  Defendants further note
25 that CCP section 425.50 requires that any such complaint be
26 verified by the plaintiff.  Mot. at 6.  Plaintiff responds that
27 state civil procedure laws, such as the CCP, do not govern in
28 federal court.  Opp. at 3.  Plaintiff cites a recent case which

held that the specificity requirements of CCP section 425.50 did not apply in similar circumstances. Opp. at 3 (citing Oliver v. In-N-Out Burgers, 286 F.R.D. 475, 477 (S.D. Cal. 2012).

By enacting CCP section 425.50, the California legislature "modified the pleading requirements for complaints alleging construction-related accessibility claims by requiring plaintiffs to allege the dates on which they encountered the access barriers and to verify the complaint." Oliver, 286 F.R.D. at 477. However, "[w]here state law directly conflicts with applicable provisions of the Federal Rules of Civil Procedure, federal courts must apply the Federal Rules – not state law." Clark v. Allstate Ins. Co., 106 F.Supp.2d 1016, 1018 (S.D. Cal. 2000). Rule 8(a)(2) of the FRCP requires only a "short plain statement of the claim showing that the pleader is entitled to relief." Accordingly, "state pleading requirements, so far as they are concerned with the degree of detail to be alleged, are irrelevant in federal court even as to claims arising under state law." Andreson v. Diorio, 349 F.3d 8, 17 (1st Cir. 2003). Therefore, the requirements of CCP section 425.50 do not govern Plaintiff's complaint in federal court, and Plaintiff has sufficiently pled his state law claims. See Oliver, 286 F.R.D. at 477 (holding that a plaintiff's failure to comply with the specificity requirements of CCP section 425.50 does not constitute grounds for dismissal in federal court). Accordingly, Defendants' Motion to Dismiss Plaintiff's second and third causes of action for failure to comply with CCP section 425.50 is DENIED.

### 3. Supplemental Jurisdiction

In the alternative, Defendants argue that the Court should

decline to exercise supplemental jurisdiction over Plaintiff's state law claims because the claims raise "a novel or complex issue of State law." Mot. at 9 (quoting 28 U.S.C. § 1367(c)(1). Defendants explain that "California's legislature has recently enacted new standards for dealing with [claims brought under the Unruh Civil Rights Act and the Disabled Persons Act]." Mot. at 7-8. Defendants note that the Construction Related Accessibility Standards Compliance Act ("CRASCA"), which became effective on January 1, 2009, limits financial damages in disability cases brought under California law. Mot. at 8. Defendants maintain that CRASCA presents a novel or complex issue of state law because it limits financial damages to cases in which full and equal access is actually "denied," not merely limited. Id. In a footnote, Defendants suggest that a plaintiff's experience of "difficulty, discomfort or embarrassment" may be insufficient to constitute a denial of full and equal access under CRASCA. Mot. at 8, n.1. Plaintiff fails to directly respond to this argument. However, because Defendants' argument goes to the Court's exercise of jurisdiction, it warrants close consideration.

Under 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over any claims "that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, § 1367(c) provides that the Court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district

11

1    court has original jurisdiction, (3) the district court has
2    dismissed all claims over which it has original jurisdiction, or
3    (4) in exceptional circumstances, there are other compelling
4    reasons for declining jurisdiction." 28 U.S.C. § 1367(c). The
5    Court's decision "is informed by the . . . values of economy,
6    convenience, fairness, and comity." Acri v. Varian Assocs.,
7    Inc., 114 F.3d 999, 1001 (9th Cir. 1997).
8         In this case, Defendants concede that Plaintiff's state law
9    claims under the Unruh Civil Rights Act and the Disabled Persons
10   Act satisfy § 1367(a). Mot at 8. Generally, a district court
11   will decline jurisdiction under 1367(c)(1) only if faced with an
12   ambiguous state law, which has created (or will likely create) a
13   "split" in state court interpretations. See, e.g., Org. for
14   Advancement of Minorities with Disabilities v. Brick Oven Rest.,
15   406 F. Supp. 2d 1120, 1128 (S.D. Cal. 2005) (declining to
16   exercise supplemental jurisdiction under § 1367(c)(1), noting
17   that the "ill defined" state law has created a state court
18   split). Here, Defendants fail to establish that CRASCA has
19   created such a novel or complex issue of state law. Although
20   CRASCA does limit the recovery of financial damages to cases in
21   which a plaintiff was denied full and equal access to public
22   accommodations, the statute's language is not ambiguous, nor have
23   Defendants cited any split in the California courts in applying
24   this provision. The only potential "issue" flagged by Defendants
25   is whether a plaintiff's experience of "difficulty, discomfort,
26   or embarrassment" is sufficient to constitute a denial of full
27   and equal access under CRASCA. Mot. at 8, n.1. However, this
28   issue is neither novel nor complex, and is well-settled in both

California and federal courts.  <u>Mundy v. Pro-Thro Enters.</u>, 192 Cal.App.4th Supp. 1 (2011) (holding that "evidence of difficulty, discomfort, or embarrassment" qualifies a plaintiff to recover statutory damages under CRASCA); <u>Doran v. 7-Eleven</u>, Inc., 509 F. App'x 647, 648 (9th Cir. 2013) (affirming the district court's denial of statutory damages under the Unruh Civil Rights Act and the Disabled Persons Act because the plaintiff "did not prove that he personally encountered the violation and experienced difficulty, discomfort, or embarrassment because of the violation).

Accordingly, as Defendants have failed to demonstrate the existence of a novel or complex issue of state law, the Court will exercise supplemental jurisdiction under § 1367(a) over Plaintiff's state law claims.

## III.   ORDER

For the reasons set forth above, the Court GRANTS WITH LEAVE TO AMEND Defendants' Motion to Dismiss, insofar as the first through fourth causes of action are brought against Defendants Ashok and Usha Dhokia in a representative capacity on behalf of an unnamed trust.  The Court DENIES Defendants' Motion to Dismiss, insofar as the first through fourth causes of action are brought against Defendants Ashok and Usha Dhokia as individuals. The Court also DENIES Defendants' Motion to Dismiss with regard to the failure of Plaintiff to plead her state law claims in compliance with CCP section 425.50.  Furthermore, the Court will exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's state law claims.  Plaintiff's Amended Complaint must

be filed within twenty (20) days from the date of this Order. Defendants' responsive pleading is due within twenty (20) days thereafter.  If Plaintiff elects not to file an Amended Complaint, the case will proceed consistent with this Order.

    IT IS SO ORDERED.

Dated: December 30, 2013

                                        JOHN A. MENDEZ,
                                      UNITED STATES DISTRICT JUDGE